### UNITED STATES v. MOY YOU.

(District Court, S. D. New York. June 2, 1915.)

ALIENS ⊙⟶32—EXPULSION—DEPORTATION OF CHINESE—EVIDENCE.

Evidence *held* to sustain a finding that a Chinese was not entitled to remain in the United States on the ground of citizenship.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊙⟶32.]

Proceeding by the United States for the deportation of Moy You. Order of commissioner, directing deportation, affirmed.

H. S. Marshall, U. S. Dist. Atty., of New York City, for the United States.

Robert M. Moore, of New York City, for defendant.

LACOMBE, Circuit Judge. Right to remain is based solely on the ground of alleged citizenship. Upon inquiry by the court if defendant wished to introduce any further testimony, the answer was in the negative. His own testimony has little probative value, not because he is a Chinaman, but because of its inconsistencies and contradictions. Before the commissioner he said that he was born at 905 Dupont street, San Francisco, about 32 years before, that his parents told him so, that he went to China with them when he was 10 years old, stayed there about 18 years, and then returned to the United States by way of Vancouver. These statements were made after consultation with his counsel; but on his first examination by the inspector he stated

that he had lived in the United States all his life, going around in different places, but could not remember the name of a single place in which he had lived, except San Francisco. Subsequently, when his attention was called to this answer, he said he gave it "because I wanted you people to release me; that is the reason I said I have not been to China." This explanation is not calculated to induce credence of any of his statements.

His single witness, Moy Fee Ni, said that he knew him when he was a small boy in San Francisco, and recognized him at once 19 years afterwards when he saw him in New York. The commissioner saw and heard this witness, but did not find his testimony persuasive. Certainly I have read nothing in it which would induce me to reverse the commissioner's finding.

Order affirmed.